Freeman, J.,
delivered the opinion of the court.
*390 This is an action brought on an instrument of writing promising to pay the testatrix of the plaintiff below “one thousand dollars in gold, with ten per cent, interest per annum, for cash loaned,” dated December 24, 1860.
The declaration is somewhat informal, or rather is too elaborately formal, and might properly have been objected to, and the matter of prolixity and verbiage been stricken out under secs. 2881 and 2882 of the Code; and under sec. 2885, the court might have required a more specific statement of the cause of action. The defendant, however, chose to demur to the declaration, because of these informalities, and as we think the declaration does by reasonable intendment and by fair and natural construction show a substantial cause of action, and as demurrers for formal defects are abolished by sec. 2934 of the Code, we hold the demurrer was properly overruled.
The objection taken by demurrer for duplicity, is a demurrer for formal defect, and could not be taken advantage of in that mode under the above provision of the Code. We held at Knoxville, the last term of the court, that the objection for duplicity must be taken advantage of by motion to strike out, or the pleading might be stricken out by the court on its own motion, as provided in sec. 2882 of the Code, but that a demurrer did not lie for such, defect being merely formal. It is true, duplicity in pleading may embarrass the opposite party by cumbering the case with several causes of action or defences in the same declaration or pleading. But if the party *391 to be affected by it chooses not to avail himself of the easy method of avoiding this by motion to strike out such pleading, he is not in condition to complain of the embarrassment caused by such an error. There is nothing in this objection.
The defendant after pleading the general issue directly traversing the liability alleged in the declaration, filed four or five other pleas, such as: “That the note was not given for $1,000 in borrowed money;” “that it was not given in renewal of any debt created for loaned money, that the words “loaned money” were put in the note to cover up the illegal transac-action, with two other pleas, asserting simply facts that would make the note subject to the objection found in sec. 2, of the Act of 1860.
To these pleas, the plaintiff filed what purported to be a general replication, but which is more like a demurrer, simply asserting that plaintiff ought not to be precluded of his action by reason of anything contained in the pleas, and tendering a formal issue in which the defendants joined. As a matter of course, this replication as it is called, made no issue of fact upon the pleas, but only one of law, though an issue in form was tendered. In this state of the pleadings, if defendants’ pleas contained a statement of valid defence to the action, it was his right to have called plaintiff out for want of replication, or to have moved for judgment in his favor on ■the pleas for want of replication. This they did not do, but proceeded to trial on the issues joined.
We think however, that by failure so to do, the *392 defendants must be considered as having waived these defences, and as electing to try on the issues made by the first pleas. . We think this view of the question more in accordance with the spirit of the Code, requiring us not to reverse for matters of form, and in fact abolishing the rules of the common law as to formal defects in legal proceedings where there is substance to be found in the pleadings. In this case we find a substantial defence made to the action, on which there has been a trial. The objection is that there were other pleas presented on which issues ought to have been had. The answer is, that the party presenting these pleas chose to go to trial without compelling an issue on them and thereby waived the benefit of them, if any he could have had.
It is true as held in the case of Trabue and Lucas v. Higden, 4 Col., 625, that a verdict without any issue to try, is void, and affords no legal ground for a judgment. But here there was an issue to fry, and the jury have responded to the issues made. No evidence is presented in the bill of exceptions by defendants, bearing on the matters contained in ,the pleas, so that we can see that the verdict of the jury is not upon any fact presented by the matter of these pleas, and therefore on a matter on which no issue was made. If such had been the case, then the verdict and judgment would have been subject to the objection quoted from the case in 4 Col., 625. In that case however, there was but the one plea, and one requiring a replication, but none was filed, so that *393 there was in fact no issue to be tried by the jury in the pleadings.
In this view of the case, the question need not be considered as to whether- the court properly exercised his discretion in allowing replication to be filed after argument of the cause had commenced. There was no necessity for such replications, the pleas having been waived by the action of defendants, and we assume that the motion for leave to amend, was caused by defendants insisting on the benefit of the pleas in the argument, and the failure of plaintiff to properly reply to them. If however, the replications at this stage should be considered as presenting issues on these pleas, then we cannot see that defendants have been prejudiced by the action of the court, as they present no affidavit or anything by which we can see that they proposed to sustain the matter of the pleas by proof, or that they were able to do so. We assume therefore no such proof could have been furnished, and that the pleas were probably, not put in as real defences but for delay.
Let the judgment be affirmed.